**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:  Steven J. Bushinsky, Esquire
      David T. Szawlewicz, Esquire
*Attorneys for Plaintiffs*

| | |
|---|---|
| **TRUSTEES OF THE IBEW LOCAL 400 WELFARE, PENSION, ANNUITY, SUPPLEMENTAL, AND JOINT APPRENTICESHIP TRAINING FUNDS FOR AND ON BEHALF OF THEMSELVES AND SAID FUNDS, AND THE BOARD OF TRUSTEES,**<br>*Plaintiffs,*<br><br>v.<br><br>**FOUR DIRECTIONS, INC.**<br>**d/b/a J. FORD ELECTRIC**<br><br>11 Railroad Avenue<br>Farmingdale, NJ 07727<br>*Defendant.* | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No.:<br><br><br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Plaintiff Funds are administered in the

State of New Jersey and Defendant maintained and/or maintains a principal place of business in the State of New Jersey.

3.  A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4.  Plaintiffs, Trustees of the IBEW Local 400 Welfare, Pension, Annuity, Supplemental, and Joint Apprenticeship Training Funds, for and on behalf of themselves and said Funds, and the Board of Trustees, (the "Funds"), are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants. The Funds qualify to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5.  The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6.  The Trustees are "Fiduciaries" of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

2

7. The Funds maintain their principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey, 08628.

8. The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

9. Defendant, Four Directions, Inc. d/b/a J. Ford Electric ("Four Directions"), is referred to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was/or is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

10. Upon information and belief, Four Directions principal place of business was or is located at 11 Railroad Avenue, Farmingdale, New Jersey 07727.

11. Four Directions conducted or conducts business in the State of New Jersey.

## COUNT ONE

12. The Funds incorporate the allegations in Paragraphs 1 through 11 of this Complaint as if set forth herein in their entirety.

13. At all times relevant hereto, Defendant was party to and/or agreed to abide by the terms and conditions of an Inside Agreement with the IBEW Local 400

3

("the Union") or one or more local labor unions or district councils affiliated with the Union.

14. By virtue of the Inside Agreement, Defendant agreed to abide by the terms of the Inside Agreement and Declarations of Trust which govern the Funds ("Trust Agreement"). The Trust Agreement sets forth the rules and regulations with respect to participation in and administration of the Funds. In particular, the Trust Agreement, in accordance with federal law and administrative regulations, requires that fringe benefit contributions be made for eligible participants on a timely basis.

15. Four Directions has failed to remit and/or has only remitted a portion of the required contributions to the Funds for the benefit of its employees for the period of time, including, but not limited to, May 2017 through present.

16. Payment of the delinquent contributions and penalties assessed against Four Directions has been demanded by the Funds, but Four Directions has refused to submit the required payments.

17. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

18. Four Directions failure to remit timely fringe benefit contributions have resulted in a violation of 29 U.S.C. §1145.

19. This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorney's fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order Defendant Four Directions to pay all contributions due and owing to the Funds;

(B) Order Defendant Four Directions to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C) Order Defendant Four Directions to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

(D) Order Defendant Four Directions to specifically perform all obligations to the Funds under the Inside Agreement;

(E) Order Defendant Four Directions to pay the Funds' reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(F) Order any such other and further relief as this Court may deem equitable, just and appropriate.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

David T. Szawlewicz, ESQUIRE

Dated: 9/15/17